SHRIVER, EXR., Plaintiff-Appellee, v WOODFORD, ET, Defendants-Appellants.

Ohio Appeals, Seventh District, Noble County.

No. 135. Decided December 21st, 1946.

W. V. Archer, Belle Valley, for plaintiff-appellee.

L. C. Young, and E. P. McGinnis, both of Caldwell, for defendants-appellants.

## OPINION

By PHILLIPS, J.

After making provision in his last will and testament for payment of debts, funeral expenses and monument, H. S. Shriver gave, devised and bequeathed to his nephews, Norman and Earl Woodford, his home farm of 116 acres and personal property to operate it, personal property and furniture to other relations; and directed that any items of household goods not thereinbefore disposed of be divided by his wife among friends and relatives in any way that "seemed best to her," and in item XIV provided as follows:

"I give and bequeath unto my wife, Minnie L. Shriver, the one-half of the value of my estate as fixed by the appraisers of the same. The same to be paid her in money."

Plaintiff, the duly qualified and acting executor of decedent's estate filed a petition in the probate court of Noble County against defendants, the named legatees and devisees

in such instrument, seeking the direction and judgment of that court in construing decedent's will; in which petition he alleged that he was "in doubt as to the meaning" and "true construction of such will" and "as to the payment to Minnie L. Shriver as to one-half the proceeds of the estate or the one-half of the total value as set by the appraisers," and prayed "the judgment and direction of the court in regard to the true construction of said clause in said will."

Upon hearing on plaintiff's petition the judge of the probate court found and adjudged "that the true intention and construction of said will is as follows," to-wit:

"Item XIV of said will gives and bequeaths to Minnie L. Shriver, wife of testator, the one-half of the value of the estate as said estate was appraised and fixed by the appraisers, namely the one-half of $23,598.77."

On October 21, 1946, Norman and Earl Woodford filed the following "notice of appeal" in the probate court:

"Norman and Earl Woodford, the appellants herein, hereby give notice of appeal to the court of appeals from a certain judgment or order made and entered on the eighth day of October, 1946, in the above entitled cause interpreting the fourteenth item in the said will in a manner against the interests of said appellants as devisees and legatees under said will."

In the absence of a bill of exceptions we are confined solely to a consideration of the docket and journal entries and plaintiff's petition, to which a copy of decedent's will was attached, in determining whether the judge of the probate court erred in his finding and judgment to the prejudice of Norman and Earl Woodford, which fail to reveal any error on their face, and accordingly can not be presumed. See **Little Miami Railroad v Collett, 6 Oh St 182.**

Further it is observed that counsel for Norman and Earl Woodford filed no formal assignments of error or any claim by brief pointing out how they were prejudiced by the finding and judgment of the probate court. See **King v Kenny, 4 Ohio 79.**

Even though we interpret the action of counsel for Norman and Earl Woodford in urging as he does by brief that Item XIV "can not be carried out unless the appraisers are called back and instructed to fix the value of the estate" as dis-

charging the duty imposed upon him to point out how they were prejudiced or injured by the finding and judgment of the probate court and as pointing out claimed errors on the part of the judge of that court, which we have held does not appear on the face of the record and cannot be presumed; and we construe Item XIV as referring to decedent's net estate, still there is no evidence before us as to whether or how the appraisers fixed the value "of the estate or value of assets of the estate," nor whether the "value of the estate" was properly made, nor whether they knew the indebtedness of the estate, if any, nor whether "the value of the estate was taken from the regular inventory," nor the amount of such inventory as it is not among the papers submitted to us, nor whether the sum of $23,598.77, to one-half of which the trial judge found decedent's widow was entitled, was the amount of decedent's gross or net estate.

Since the trial judge found "the value of said estate as said estate was appraised and fixed by the appraisers" was $23,598.77, and we have nothing before us indicating he was in error in so finding we must assume, the argument of counsel for Norman and Earl Woodford by brief to the contrary notwithstanding, that the appraisers "properly fixed the value of the estate" and the value of the assets of the estate as he claims.

In a word, there is nothing before us upon which we can arrive at an intelligent conclusion that the judgment of the probate court should be reversed as counsel for Earl and Norman Woodford urge we should, or warranting us granting them the relief they seek at the hands of this court except from facts and arguments stated in the brief of their counsel which we have no right to consider.

The judgment of the probate court is affirmed.

NICHOLS, PJ, and CARTER, J, concur in judgment.